IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 20, 2008

## STATE OF TENNESSEE v. SHARON VIRGINIA HINKLEY

**Direct Appeal from the Circuit Court for Dickson County**
**No. CR6177     George Sexton, Judge**

**No. M2007-01752-CCA-R3-CD - Filed October 8, 2008**

The defendant, Sharon Virginia Hinkley, appeals the revocation of her probation. After review, we conclude that the appellate record does not contain any documents pertaining to the conviction and sentence contested by the defendant. Therefore, we are compelled to dismiss this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which NORMA McGEE OGLE, J., and DAVID G. HAYES, SR. J., joined.

William B. "Jake" Lockert, III, District Public Defender, and Christopher L. Young, Assistant Public Defender, for the appellant, Sharon Virginia Hinkley.

Robert E. Cooper, Jr., Attorney General and Reporter; Renee W. Turner, Assistant Attorney General; Dan Mitchum Alsobrooks, District Attorney General; and Wendell R. Crouch, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

This case involves the defendant's violation of probation and whether it was properly revoked.

On September 12, 2003, the defendant pled nolo contendere in case number CR-6177 to the amended charge of simple possession (a Class A misdemeanor), received a sentence of eleven months and twenty-nine days, and was given pretrial jail credit of five days and fifteen hours. The defendant's sentence was probated and ordered to be "supervised by State probation supervising her on [case number] CR-6628." At the same time, in case number CR-6628, the defendant pled guilty to failure to appear (a Class E felony), received a consecutive sentence of one year, and was placed on probation after serving thirty days. On October 6, 2004, a Violation of Probation warrant was

filed against the defendant, alleging that she failed to notify her probation officer of her proper address and failed to report to her probation officer.

A probation revocation hearing was held on July 25, 2007. In essence, the testimony revealed that the State probation officer lost contact with the defendant in June of 2004, and that, when she was located, the defendant was not living at the address noted on her paper work. The defendant testified she had lived at her present address for three years. She said she has a lung disease, a blood disease, and paralysis from gel or something that formed around her brain when she became ill. She said that she has not been in trouble since being placed on probation and that Judge Moore had released her from probation. After the hearing, the trial court revoked the defendant's probation concluding that, by clear and convincing evidence, the defendant had violated the conditions of probation by failing to report to her probation officer. This appeal follows.

After the notice of appeal was timely filed in this case, the defendant discovered that it was filed under the wrong case number and requested that the notice of appeal and this brief be germane only to case number CR-6628. However, the record before us relates only to case number CR-6177. The sentence in CR-6177 has expired. Based upon the record before us, we are unable to address any claims relating to case number CR-6628.

## Conclusion

Based on the record before us, the appeal is dismissed.

_____
JOHN EVERETT WILLIAMS, JUDGE